Filed 07/02/25

VERMONT SUPERIOR COURT                                    CIVIL DIVISION
Lamoille Unit                                            Case No. 65-7-20 Lecv
154 Main Street
Hyde Park VT  05655
802-888-3887
www.vermontjudiciary.org

| Estate of Eugeniusz Adamczyk et al vs. Withers et |
|---|

## ENTRY REGARDING MOTIONS

Title:          Motion in Limine (Motion 10)
Filer:          James A. Valente
Filed Date:     June 20, 2025

        This case arises from a tragic 2018 motor vehicle collision in which a small sedan
carrying Eugeniusz and Alfreda Adamczyk collided with a logging truck driven by Arnold
Withers, resulting in the death of Eugeniusz and Alfreda. The case is scheduled for jury
draw on July 14 and trial beginning on July 21. The court assumes familiarity with the
underlying facts, which are recited in prior court orders. *See, e.g.*, Entry Regarding Motions
(Sept. 6, 2022) (denying summary judgment).

        Currently pending before the court is plaintiffs' motion in limine seeking a ruling
that evidence of Mr. Wither's prior conduct—specifically a 2015 accident in Hinesburg, a
history of "street racing," and a history of using his cell phone while driving—may be
admitted at trial. Plaintiff also seeks to exclude evidence concerning the marriage of Marta
Adamczyk, the decedents' adult child. Plaintiffs further request to amend their pleadings,
to waive Marta's appearance at the jury draw, and for a site visit. The request to waive
Marta's appearance was not opposed by defendants and granted on the record at the July 1
pretrial conference. The other pending requests are addressed below.[1]

### 1.  Evidence of Mr. Wither's prior conduct

### a.  Prior collision in Hinesburg

        Mr. Withers was involved in 2015 collision in Hinesburg that involved allegedly
similar circumstances as the collision in this case. According to a police report from the
2015 incident, Mr. Withers was driving his logging truck toward an intersection on a two-
lane road. Mr. Withers had a yellow flashing light. A vehicle was stopped at the intersection

---

[1] Defendants have also filed two motions in limine, to which plaintiffs have not yet responded.
Because the response deadline has not yet passed, the court does not address those motions in this
order.

in the right-hand lane to make a right-hand turn. As Mr. Withers passed the stopped vehicle in the left-hand lane, another vehicle pulled into the intersection from the left and collided with Mr. Withers. The police report concluded Mr. Withers was at fault for this collision because he approached the intersection "at a speed that was unsafe," "did not proceed with caution through [the] intersection with flashing yellow light as required," and "failed to pass" the stopped vehicle "with due caution." Pls.' Mot., Exh. 1.

At a deposition in this case, Mr. Withers was asked about the 2015 collision, specifically whether the collision was investigated by law enforcement and whether anyone said that he was at fault. Mr. Withers responded that there was a law enforcement investigation, and that that the insurance company said both drivers were at fault.

Plaintiff now seeks a ruling that evidence of the 2015 collision is admissible under V.R.E. 406 as evidence of "habit" and under 608(b) as a specific past incident that is "probative of [Mr. Withers's] truthfulness or untruthfulness."

Evidence of prior conduct generally is not admissible to prove that a "person acted in conformity therewith," but may be admissible for other purposes such as "absence of mistake or accident." V.R.E. 404(b). Additionally, however, Rule 406 provides that "[e]vidence of the habit or the routine practice of a person . . . is relevant to prove that the conduct of the person . . . on a particular occasion was in conformity with the habit or routine practice." Rule 608(b) further provides that "specific instances of the conduct of a witness, for the purposes of attacking or supporting a witness's credibility . . . may not be proved by extrinsic evidence" but may, "in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination."

Here, the "absence of mistake" exclusion in Rule 404(b) is not relevant. Plaintiffs do not contend that Mr. Withers planned or intended to crash his truck into the Adamczyks' vehicle. Nor does it appear that any other exclusions in Rule 404(b) apply.

With respect to "habit or routine practice," a panel of the Vermont Supreme Court has explained that "a properly established habit requires a 'uniformity and semi-automatic character," and the panel cautioned against construing Rule 406 "too liberally" lest it "swallow 404(b)." *Loso v. Yankee Medical, Inc.*, No 2009-0278, 2009 WL 3320269, at \*2 (Vt. 2009) (citations omitted) (unpub. entry order). That Mr. Withers—who appears to regularly drive a logging truck for work—may have been at fault in a separate collision several years prior to the collision in this case does not establish the requisite "specificity, frequency, invariability, and visibility" to establish that he had a habit of failing to yield, or otherwise driving recklessly. *See id.*; 23 Wright & Graham, Fed. Prac. & Proc. § 5273 (2d ed.) ("[T]estimony that a driver is reckless is character [and is inadmissible], while evidence that the driver for years had two martinis after work each day before driving home is habit.").

With respect to Rule 608(b), the court is not persuaded that Mr. Withers's statement regarding fault for the Hinesburg accident is probative of his character for truthfulness under the circumstances. No evidence has been presented to the court that Mr. Withers reviewed the police report finding him at fault for the Hinesburg collision, or that he falsely testified that the insurance company found both drivers at fault.

Based on the foregoing, plaintiffs' motion with respect to the 2015 collision is denied.

### b. "Street racing" history

Plaintiffs also seek a ruling that they may admit Mr. Withers's statements at deposition denying that he ever raced down Peacham Road using the nickname "Awful," or if any of his friends would state that he had done so. Plaintiffs claim this answer was untruthful based on two Facebook posts by non-parties suggesting that Mr. Withers in his younger days had raced a car on Peacham Road while using the "Awful" nickname. Plaintiffs claim this evidence is admissible to impeach Mr. Withers's character for truthfulness and his position that he was incapable of taking evasive action to avoid the collision with the Adamczyks. The court disagrees. The proffered evidence has very limited probative value given the source of the statements, their ambiguous nature, and the passage of time between Mr. Withers' purported racing on Peacham Road and the collision at issue in this case. Moreover, Mr. Wither admitted in his deposition to having used "Awful" as a nickname and CB handle and to "maybe" having "race[d] down Peacham Road," when he "was a kid." Tr. 156-58. The limited probative value of this evidence is outweighed by the potential prejudice to defendant. *See* V.R.E. 403.

Plaintiffs' motion is accordingly denied with respect to Mr. Withers's "street racing" statements. Plaintiffs, however, may inquire generally about Mr. Withers's driving experience.

### c. Using a cell phone while driving

Plaintiffs additionally seek to admit a photograph purportedly taken by Mr. Withers on his cellphone while stopped at an intersection on his motorcycle. At his deposition, the following exchanged occurred between plaintiffs' counsel and Mr. Withers:

Q: Do you ever use your cell phone when you drive?

A: Not without hands-free.

Q: Have you ever used your cell phone to take pictures while you drive?

A: Not that I can recall.

Q: Have you ever used your cell phone to take pictures from your motorcycle?

A: No.

Q: Not even once?

A:      No.

Q:      Not even stopped at an intersection?

A:      Not that I can recall. No.

Tr. 154-155.

Plaintiffs seek to admit the photograph to impeach Mr. Withers's character for truthfulness and, specifically, to show that he made untruthful statements about violating traffic laws. The probative value here is limited. While Mr. Withers may have been incorrect about having taken a picture on his phone from his motorcycle, it is not at all clear that he was being dishonest given his repeated "[n]ot that I can recall statements." The court accordingly declines to find this evidence admissible under Rule 608(b).

## 2. Evidence of Marta Adamczyk's marriage

Plaintiffs request to exclude evidence concerning the details of Marta Adamczyk's marriage, which has since ended in divorce. Defendants claim such evidence is relevant to plaintiffs' damages request and note that despite claiming a close bond with her parents, Marta did not invite them to her wedding, which occurred six months before the collision. Plaintiffs argue that Marta's (and her sister's) relationship with their deceased parents "was very significant" and agree that evidence of that relationship "will be the primary element of damages." Mot. 1.

The details of Marta's marriage appear to have minimal relevance to any of the issues in this case. The court accordingly grants plaintiffs' motion on this point. Of course, if Marta "opens the door," and affirmatively testifies that aspects of her marriage impacted her relationship with her parents or relies on the facts of her marriage and subsequent divorce to support plaintiffs' claim for damages, defendants may cross-examine her on those points.

## 3. Request to amend the pleadings

The request is denied at this time. Plaintiffs have not provided enough information to allow defendants to respond or the court to rule on this request. Plaintiffs may renew their request by separate motion supported by a more detailed memorandum.

## 4. Site visit request

Plaintiffs, without elaboration, also request a site visit to the intersection where the collision occurred. Given that the intersection has been altered since the time of the collision, and the logistics and time involved with transporting court staff, attorneys, parties, and the members of the jury to a busy roadway, the court denies plaintiffs' request. A site visit would potentially confuse the jury given the alterations to the intersection. Moreover, any visit would necessarily have to occur during the time already scheduled for

trial, when the jury is present, and would thus limit the amount of courtroom time available to try the case.

## Order

Plaintiffs' motion in limine is GRANTED IN PART AND DENIED IN PART as set forth above. The request to amend the pleadings is DENIED. The request for a site visit is DENIED.

Electronically signed on: 7/2/2025 pursuant to V.R.E.F. 9(d)

_____
Benjamin D. Battles
Superior Court Judge